IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 24-41929 |
| MACADAMIA BEAUTY, LLC, | § | |
| | § | |
| Debtor. | § | Chapter 11 (Subchapter V) |

**ORDER GRANTING THE MOTION OF
MACADAMIA BEAUTY, LLC, FOR ENTRY OF AN ORDER
AUTHORIZING AND APPROVING THE SALE OF
ASSETS FREE AND CLEAR OF LIENS AND OTHER INTERESTS**

Upon the Motion, dated April 17, 2025 (the "Motion"),[1] of Macadamia Beauty, LLC (the "Debtor") for entry of an order (I) approving certain sale and bidding procedures ("Part I of the Motion"), and (II) approving the sale of certain assets free and clear of all liens, claims, encumbrances, and interests ("Part II of the Motion"), and the Court previously having approved of the relief requested in Part I of the Motion by an Order entered April 28, 2025 (the "Sale Procedures Order") [Docket No. 180]; and the Motion having come back before the Court on the Debtor's request for the relief sought in Part II of the Motion, including approval of the sale of the Assets pursuant to the Asset Purchase Agreement (the "Purchase Agreement") between the Debtor and RCB Equities #1, LLC ("RCB") (the "Buyer" and also, the "Stalking Horse Bidder"); the Court having determined that the relief requested in Part II of the Motion is in the best interests of the Debtor, the estate, the creditors and other parties in interest; and upon the record of the hearing held on May 13, 2025 (the "Sale Hearing"); and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

---

[1] All capitalized terms not defined herein but defined in the Motion or the attachments thereto shall have the meanings ascribed to them in the Motion or the attachments thereto.

**ORDER GRANTING THE MOTION OF MACADAMIA BEAUTY, LLC, FOR ENTRY OF AN ORDER
AUTHORIZING AND APPROVING THE SALE OF ASSETS FREE AND CLEAR OF LIENS AND OTHER
INTERESTS – Page 1**

FOUND AND DETERMINED THAT[2]:

A.   This Court has jurisdiction over this matter and over the property of the Debtor and its bankruptcy estate pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

B.   This proceeding is a core proceeding pursuant to sections 157(b)(2)(A), (M) and (N) of title 28 of the United States Code.

C.   As evidenced by the certificates of service filed with the Court, and based on the representations of counsel at the Sale Hearing, good and sufficient notice of the Motion, the hearing held thereon, and the Sale Procedures Order, the Purchase Agreement, and such notice was in accordance with the Sale Procedures Order and is in compliance with Bankruptcy Rules 2002 and 6004.  No additional or further notice is required.

D.   As demonstrated by (i) evidence proffered or adduced at the Sale Hearing, and (ii) the seeking of higher and better offers for the Assets through notice of the Sale Motion and pursuant to the auction conducted on May 5, 2025 (the "Auction"), the Debtor has afforded interested prospective purchasers the opportunity to make higher and better offers for the Assets. In addition, on or about April 28, 2025, the Debtor sent notice of the Sale Procedures Order, the Purchase Agreement and Notice of the potential Auction to, among others, each of the entities known to the Debtor to have expressed a *bona fide* interest in acquiring the Assets.

E.   At the Sale Hearing, the Debtor reported that the Buyer made the highest and best offer for the Assets consisting of $3,205,000.00 in cash.

---

2   Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate pursuant to Bankruptcy Rule 7052.

**ORDER GRANTING THE MOTION OF MACADAMIA BEAUTY, LLC, FOR ENTRY OF AN ORDER AUTHORIZING AND APPROVING THE SALE OF ASSETS FREE AND CLEAR OF LIENS AND OTHER INTERESTS – Page 2**

F. The offer by the Buyer to purchase the Assets contained in the Purchase Agreement, and confirmed at the Auction, represents the highest and best offer for the Assets.

G. The Debtor also received a cash offer at Auction of $3,000,000.00 by Nazih Hamad which is designated as the Back-Up Bid. All findings of fact and conclusions of law contained herein that apply to the Purchase Price and the Buyer shall apply to the Back-Up Bid and Back-Up Bidder respectively in the event the Buyer is unable to close. In such event, the Debtor is authorized to close with the Back-Up Bidder at the Back-Up Bid price.

H. The Debtor has demonstrated both (i) good, considered, and sound business purpose and justification, and (ii) sufficient and compelling circumstances for the Sale pursuant to section 363(b) of the Bankruptcy Code; the Buyer is a financially healthy purchaser and has made a substantial offer to acquire the Assets; and the auction process proposed by the Debtor, approved by the Court in the Sale Procedures Order and required by section 363 of the Bankruptcy Code, has permitted the Buyer's offer to be tested against other offers and the market generally.

I. A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested parties, including, but not limited to: (i) the Office of the United States Trustee; (ii) all entities (or counsel therefor) known to have asserted any lien, claim, charge, encumbrance or interest on the Assets; (iii) all federal, state and local regulatory or taxing authorities which are reasonably ascertainable by the Debtor to have a known interest in the Assets; (iv) all known parties who have expressed a bona fide interest in acquiring the Assets; and (v) those parties who have requested notice pursuant to Bankruptcy Rule 2002.

J. The auction sale of the Assets is the foundation of the Debtor's Amended Chapter 11 Plan of Liquidation Dated as of April 9, 2025 (the "Plan") [Docket No. 158].

K. The Debtor and the Buyer negotiated the Purchase Agreement at arms' length and in good faith, without collusion. The Buyer is a good faith purchaser and is entitled to the protections of section 363(m) of the Bankruptcy Code.

L. Neither the Debtor nor the Buyer have engaged in any conduct which would cause or permit the Purchase Agreement or the transactions contemplated thereunder to be avoided or challenged pursuant to section 363(n) of the Bankruptcy Code.

M. The Purchase Price provided by the Purchase Agreement is fair and reasonable and constitutes fair and adequate consideration for the Assets.

N. Sufficient cause has been shown to allow the sale of the Assets free and clear of all liens, claims, encumbrances, and interests pursuant to section 363(f) of the Bankruptcy Code.

O. As demonstrated by evidence proffered or adduced at the Sale Hearing, the Debtor has, in each case, satisfied one or more of the standards required under 363(f)(1)-(5) for the sale of the Assets free and clear of all liens, claims, rights, liabilities, encumbrances and other interests of any kind or nature against the Debtor or the Assets, whether arising prior to or subsequent to the commencement of this chapter 11 case. Those claimants asserting liens, claims, rights, liabilities, encumbrances or other interests against the Assets who did not object (or who ultimately withdrew their objections, if any) to the Sale are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code.

P. The highest and best price for the Assets is represented by the Purchase Price under the Purchase Agreement and it is, therefore, in the best interest of the Debtor, its creditors and the Debtor's bankruptcy estate that the Court enter this Order authorizing, under sections 105 and 363 of the Bankruptcy Code: (1) the Debtor to enter into and comply with the terms of the Purchase

Agreement; and (2) the sale of the Assets to the Buyer, free and clear of all liens, claims, encumbrances, and interests.

Q. Upon the entry of this Sale Order (1) the Debtor shall be deemed to have been duly and validly authorized and shall have the power and the authority to execute and deliver the Purchase Agreement and all other documents contemplated thereby, including, without limitation, all documents necessary to the sale of the Assets to the Buyer; (2) the Debtor shall have the power and the authority necessary to consummate the transactions contemplated by the Purchase Agreement and all other documents contemplated therein; and (3) no further consents, approvals or other orders are required for the Debtor to consummate the transactions contemplated by the Purchase Agreement.

R. As a condition to the purchase of the Assets by the Buyer, the Buyer requires that the Assets be sold free and clear of all liens, claims, encumbrances, and interests, and that the Buyer has no liability for any liabilities of the Debtor or restriction on the Assets. The Buyer would not enter into and consummate the sale of the Assets contemplated by the Purchase Agreement if the sale of the Assets were not as described above, or if the Buyer was or would be liable for liabilities of the Debtor, or if the Assets were subject to any restriction.

S. The sale and transfer of the Assets by the Purchase Agreement and subject to the provisions herein (1) are or will be legal, valid and effective transfers of property of the Debtor's estate to the Buyer (or their assignees as permitted in accordance with the Purchase Agreement), (2) vest or will vest the Buyer with all right, title and interest of the Debtor in and to the Assets set forth in the Purchase Agreement free and clear of all liens, claims, encumbrances, and interests.

T. The Assets constitute property of the Debtor's estate and good title is vested in the Debtor's estate within the meaning of section 541(a) of the Bankruptcy Code. The Debtor is the sole and rightful owner of the Assets with all right, title and interest to transfer and convey the Assets to the Buyer, and no other entity has any ownership right, title, or interests therein.

U. The Debtor's Chief Executive Officer, Henry Stein, is an officer of the Debtor with authority to execute the Purchase Agreement, and all other documents necessary to consummate the Sale as ordered herein on behalf of the Debtor.

V. The relief requested in the Sale Motion is in the best interests of the Debtor, its estate and its creditors.

W. All findings of facts and conclusions of law made by the Court at the Sale Hearing are incorporated herein; and based upon the foregoing, and upon the record made before this Court at the Sale Hearing, it is therefore

ORDERED, ADJUDGED, AND DECREED THAT:

1. Part II of the Motion be, and it hereby is, GRANTED in all respects.

2. Pursuant to section 363(b) of the Bankruptcy Code, the Purchase Agreement, in substantially the form attached to the Motion, is approved in all respects subject to the provisions herein and in the record at the Sale Hearing.

3. All objections and responses to the Motion that have not been overruled, withdrawn, waived or settled, and all reservation of rights included therein, are hereby denied on the merits.

4. Pursuant to section 363(b) of the Bankruptcy Code, the Debtor is hereby authorized: (i) to sell the Assets to the Buyer in accordance with (A) the provisions of the Purchase

Agreement, (B) the terms of this Order, and (C) the record at the Sale Hearing, free and clear of all liens, claims, encumbrances, and interests; (ii) to transfer and assign all right, title and interest to all property, licenses and rights to be conveyed in accordance with and subject to the terms and conditions of the Purchase Agreement; (iii) to execute and deliver, and empowered fully to perform under, consummate and implement the Purchase Agreement, together with all additional instruments and documents contemplated by the Purchase Agreement or that may be reasonably necessary or desirable to implement the Purchase Agreement; and (iv) to take all further actions as may be reasonably requested by the Buyer for the purposes of assigning, transferring, granting, conveying and conferring the Assets in accordance with the Purchase Agreement, or as may be necessary or appropriate to the performance of the Debtor's obligations as contemplated by the Purchase Agreement.

5. Pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, and subject to the terms and conditions of the Purchase Agreement, the provisions herein and in the record at the Sale Hearing, the Assets shall be transferred to the Buyer upon and effective as of the Closing contemplated by the Purchase Agreement and shall be free and clear of all interests. All such liens, claims, encumbrances, and interests (if any) shall be released, terminated and discharged as to the Assets and, to the extent required by section 363(f) of the Bankruptcy Code, shall attach to the proceeds (net of any ordinary and customary closing costs, but not net of any professional fees) of the Sale of the Assets (the "Proceeds") in the order of their priority, with the same validity, force and effect as they now have against the Assets.

6. This Order shall be effective as a determination that, as of the Closing, all claims, interests, or encumbrances asserted against the Assets have been unconditionally released,

discharged, and terminated as to the Buyer and the Assets, and that the conveyances and transfers described herein have been effected. A certified copy of this Order may be filed with the appropriate recording offices to evidence cancellation of any recorded encumbrances, claims, liens and other interests against the Assets recorded prior to the date of this Order.

7. The Debtor is hereby authorized, in accordance with sections 105(a) and 365 of the Bankruptcy Code, to assume and assign the Designated Contracts to the Buyer free and clear of all claims and to execute and deliver to the Buyer such documents or other instruments as may be necessary to assign and transfer the Designated Contracts to the Buyer as provided in the Purchase Agreement. Upon Closing, the Buyer shall be fully and irrevocably vested with all right, title and interest of the Debtor under the Designated Contracts, and pursuant to section 365(k) of the Bankruptcy Code, the Debtor shall be relieved from any further liability with respect to the Designated Contracts. The assumption by the Debtor and assignment to the Buyer of the Designated Contracts shall not be a default under any such Designated Contract.

8. As set forth in the *Agreed Order on Rosenthal & Rosenthal of California, Inc.'s Motion to Convert the Case to Chapter 7 Pursuant to 11 U.S.C. § 1112(b)* [Docket No. 151], on the Closing Date Rosenthal shall be paid in full from the Proceeds the undisputed portion of its secured claim (which is all amounts owed to Rosenthal less legal fees and expenses), which is $211,944.83 as of May 13, 2025 plus a per diem interest accrual of $137.31 commencing on May 14, 2025 and continuing through and including the date of payment. For the avoidance of doubt, the liens previously granted to Rosenthal to secure the unpaid portion of Rosenthal's secured claim shall attach to the Proceeds as provided in paragraph 5 of this Order.

9. Subject to the payment by the Buyer to the Debtor pursuant to section 363 of the Bankruptcy Code of the consideration provided for in the Purchase Agreement, the sale of the Assets to the Buyer shall constitute a legal, valid and effective transfer of the Assets and shall vest the Buyer with all right, title and interests of the Debtor in and to the Assets.

10. Except as provided herein and in the Purchase Agreement, the Buyer is not assuming or becoming responsible for any liability of the Debtor, including any and all liabilities arising in connection with the Assets that arose or accrued prior to the Closing.

11. The Buyer is a good faith purchaser entitled to the protections of section 363(m) of the Bankruptcy Code with respect to the transactions contemplated by the Purchase Agreement, and, accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale of the Assets will not affect the validity of the Sale to the Buyer, unless such authorization as granted herein is duly stayed pending such appeal prior to the Closing of the respective transactions.

12. The Purchase Price contemplated by the Purchase Agreement for the Assets is fair and reasonable and is sufficient to constitute reasonably equivalent value and fair consideration for the Assets, and the transactions contemplated by the Purchase Agreement are not subject to challenge under section 363(n) of the Bankruptcy Code.

13. The Debtor is hereby authorized and directed to take any and all actions necessary to effectuate and comply with the terms of the Purchase Agreement without further order of the Court.

14. All persons and entities holding liens, claims, encumbrances, or interests of any kind or nature against the Debtor or with respect to the Assets, arising under or out of or in

connection with or in any way relating to the Debtor or the Assets are hereby barred, estopped and permanently enjoined from asserting such liens, claims, encumbrances, or interests against the Assets, the Buyer or their assigns, subsidiaries, shareholders, members, officers, directors, agents, attorneys or Debtor; *provided, however*, holders of ad valorem property tax liens shall retain all of their rights to collect all amounts owed pursuant to State Law, including, but not limited to, the enforcement of their liens.

15. This Sale Order (a) is and shall be effective as a determination that, on the Closing Date of the sale contemplated by the Purchase Agreement and except as specifically provided in the Purchase Agreement or herein, all liens, claims, encumbrances, and interests existing on the Assets have been unconditionally released, discharged and terminated, that the conveyances described herein have been effected, and (b) is and shall be binding upon and govern the acts of all entities including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Assets.

16. Notwithstanding anything else in this Order, the liens that secure all amounts owed for year 2025 ad valorem property taxes, including any penalties and interest that may accrue, shall remain attached to the Assets until paid in full. Under the Purchase Agreement, responsibility for payment of 2025 ad valorem property taxes will be pro-rated between the Buyer and Seller as of the Closing Date.

17. All entities that are presently, or on the Closing Date of the sale contemplated by the Purchase Agreement may be, in possession of any asset making up the Assets are hereby directed to surrender possession of said assets to the Buyer on the relevant Closing Date.

18. Effective upon the Closing Date and except as otherwise provided by stipulations filed with or announced to the Court with respect to a specific matter or a set forth herein, all persons and entities are forever prohibited and permanently enjoined from commencing or continuing in any manner any action or other proceeding, whether in law or equity, in any judicial, administrative, arbitral or other proceeding against the Purchaser, its successors and assigns, or the Assets, with respect to any (a) lien, claim, encumbrance, or interest arising under, out of, in connection with or in any way relating to the Debtor, the Purchaser or the Assets, or the operation of the Purchased Assets, prior to the Closing of the Sale, or (b) successor liability, including, without limitation, the following actions: (i) commencing or continuing in any manner any action or other proceeding against the Purchaser, its successors or assigns, assets or properties; (ii) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order against the Purchaser, its successors, assets or properties; (iii) creating, perfecting or enforcing any lien, claim, encumbrance, or interest against the Purchaser, its successors or assigns, assets or properties; (iv) asserting any setoff, right of subrogation or recoupment of any kind against any obligation due the Purchaser or its successors or assigns; (v) commencing or continuing any action, in any manner or place, that does not comply or is inconsistent with the provisions of this order or other orders of the Court, or the agreements or actions contemplated or taken in respect thereof; or (vi) revoking, terminating or failing or refusing to renew any license,

permit or authorization to operate or register any of the Assets or conduct any of the businesses operated with the Assets.

19. This Court retains jurisdiction (a) to enforce and implement the terms and provisions of the Purchase Agreement, all amendments thereto, any waivers and consents thereunder, and each document, agreement or instrument executed in connection therewith (the "Entire Purchase Agreement"), (b) to compel delivery of the Assets to the Buyer, (c) to resolve any disputes arising under or related to the entire Purchase Agreement, and (d) to interpret, implement and enforce the provisions of this Order.

20. The failure specifically to include any particular provisions of the entire Purchase Agreement in this Order shall not diminish or impair the efficacy of such provision, or the document it is in, it being the intent of the Court that the entire Purchase Agreement be authorized and approved in its entirety.

21. Any document included in the entire Purchase Agreement may be modified, amended, or supplemented by the parties thereto in accordance with the terms thereof without further order of the Court, provided that any such modification, amendment, or supplement does not have a material adverse effect on the Debtor's estate.

22. Pursuant to Bankruptcy Rule 6004(h), this Order shall not be stayed for fourteen (14) days after entry, and notwithstanding any provision of the Bankruptcy Code or Bankruptcy Rules to the contrary, this Order shall be effective and enforceable immediately upon entry.

23. This Order shall be binding upon and inure to the benefit of the Buyer, the Debtor, and their respective successors and assigns.

24. The provisions of this Order are nonseverable and mutually dependent.

25. In the event of any conflict or inconsistency between this Order and the Purchase Agreement, the terms of this Order shall control and be binding in all respects.

ENTERED in Plano, Texas this __16th__ day of May, 2025.

Signed on 05/16/2025

*Brenda T. Rhoades*  SD
_____
HONORABLE BRENDA T. RHOADES,
CHIEF UNITED STATES BANKRUPTCY JUDGE